COBB, Judge.
This is an appeal from an order rendered by the circuit court denying the appellant Bernard Kron’s motion to set aside a default judgment. A default was entered in favor of the plaintiff/appellee Barker, and Kron’s counterclaim was dismissed pursuant to an order granting Barker’s motion for sanctions. The order granting Barker’s motion for sanctions was based upon the trial court’s findings that Kron failed without explanation or justification to comply with the court’s previous orders and motions to compel, that Kron was given ample opportunity to comply with the discovery and pretrial orders, and no excuse or justification for the continued failure to comply had been offered or demonstrated.
A review of the proceedings below reveals that on at least two occasions Kron failed to attend properly noticed depositions. Kron similarly failed to complete a pretrial stipulation and failed to attend the pretrial case management conference. On October 7,1987, Barker served her first set of interrogatories and a request to produce upon Kron. Although Kron provided his attorney with answers to the interrogatories by November 24, 1987, the answers were not served upon Barker’s counsel until December 22, 1987 — more than two months after they were originally propounded and then only after a motion to compel and a request for sanctions had been filed. On two occasions, first in an order granting Barker’s motion to compel and request for sanctions of November 12, 1987 and secondly in an order compelling Kron to comply with the court’s pretrial order, Kron was warned that the failure to comply with the aforesaid motions could result in further sanctions including a default judgment against him and a dismissal of his counterclaim.
Kron contends that the default judgment should be set aside on the ground of excusable neglect. Apparently, Kron’s counsel was unable to attend the hearing on Bark *384 er’s January 18, 1988 “Motion to Compel and Request for Sanctions” because of a heart illness requiring hospitalization. However, the trial court did not grant Barker’s motion because Kron’s counsel failed to attend the hearing; rather, the order was grounded on Kron’s previous failure to comply with discovery requests and earlier motions to compel. As such, the illness of Kron’s attorney provides no basis for setting aside the trial court’s judgment.
There has been no showing that the trial court abused its discretion in awarding a default judgment in favor of Barker and dismissing Kron’s counterclaim. Accordingly, the trial court’s order is
AFFIRMED.
SHARP, C.J. and ORFINGER, J., concur.